UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 09-23056-Huck/O'Sullivan

BERTIN USA CORPORATION, an Illinois
corporation,

        Plaintiff,

vs.

RICHARD D. SPRADLING, an individual,

        Defendant.
_____/

## ORDER DENYING MOTION TO DISMISS

Before the Court is the Defendant's motion to dismiss or join an indispensable party (D.E. #5), filed January 11, 2010. The Court has reviewed the motion and related briefing and is otherwise duly advised in the premises. Because the Court finds that International Food Packers LLC is not a necessary or indispensable party, the Defendant's motion is denied.

**I.    Background**

On October 10, 2009, the Plaintiff filed a two-count complaint against the Defendant in which the Plaintiff seeks to recover damages for breach of an asset purchase agreement (Count I) and an indemnity provision contained in that agreement (Count II).

The relevant details of the transaction are set forth in the complaint. The parties are in the meat packing and distribution business. Before entering into the agreement, the Defendant was the managing member and owned 60% of International Food Packers. On November 4, 2008, the Plaintiff and Defendant entered into the agreement to which the Plaintiff, Defendant, and International Food Packers were parties. Under the agreement, International Food Packers agreed to redeem from the Defendant 20% of the outstanding membership interests in International Food Packers in exchange for International Food Packers' conveyance of a building to the Defendant. The Plaintiff agreed to purchase the Defendant's remaining 40% interest in International Food Packers in exchange for $2 million. After the transaction closed, the Defendant remained in the meat packing and distribution business and controls one of International Food Packers' direct competitors, National Premium Brands.

As is commonplace in such agreements, the parties exchanged a list of warranties and representations in connection with the asset purchase agreement. The Plaintiff alleges that the Defendant made several representations that were false. Most significantly, the Plaintiff alleges that the Defendant misrepresented that accounts receivable in excess of $250,000 were collectable and failed to disclose over $425,000-worth of outstanding obligations of International Food Packers, including sales commissions,

tax obligations, and obligations arising out of a project in Puerto Rico.  The Plaintiff also alleges that the Defendant hired several of International Food Packers' employees to work at a new company the Defendant was establishing and diverted clients to his new company.  The Plaintiff alleges that it sought indemnification from the Defendant under the indemnification provision in the agreement, but the Defendant refused.

Section 6 of the agreement contains the representations and warranties.  Notably, immediately before listing the Defendant's representations and warranties to the Plaintiff, § 6 begins by stating that "[The Defendant] hereby represents and warrants to and covenants *with [the Plaintiff]* as follows . . . ." (emphasis supplied).  The agreement does not include a similar list of representations and warranties that were exchanged between the Defendant and International Food Packers.  Under the indemnification provision, the Defendant agreed that he would "indemnify and hold harmless [the Plaintiff] and [International Food Packers] from . . . [Damages] . . . resulting from . . . any (a) representation or warranty made by [the Defendant] in this Agreement . . . being untrue or incorrect in any material respect . . . ."

In the motion, the Defendant argues that International Food Packers must be joined as an indispensable party because it is a party to the agreement, paid consideration for a part of the transaction, and is a party to the indemnification provision.  The Defendant argues that several of the Defendants' alleged misdeeds are claims that should or must be brought by International Food Packers instead of by the Plaintiff (specifically, the claims that the Defendant has diverted clients and is competing with the Plaintiff, induced employees to resign and join the Defendant's new company, and failed to make payments that were the obligation of International Food Packers).  According to the Defendant, International Food Packers is a real party in interest whose "interest will be material [sic] affected by the outcome of the action."  The Defendant also argues that International Food Packers is a "joint obligee because [the Defendant] is jointly obligated to [International Food Packers] in the various provisions of the contract, including the indemnification provision" and therefore must be joined.  Finally, the Defendant argues that if International Food Packers is not joined, there is the possibility piecemeal litigation.

The Plaintiff argues that its claims against the Defendant "are based on rights and interests held only by [the Plaintiff], and do not have any connection to any obligation that [the Plaintiff] might owe to [International Food Packers]."  According to the Plaintiff, the Defendant only had one obligation with respect to International Food Packers—to convey his 20% interest in the company free of liens, claims, and encumbrances.  The Plaintiff argues that the indemnification provision did not expand the Defendant's obligations to International Food Packers beyond the obligation to convey his 20% interest free of encumbrances.  The Plaintiff argues that it and International Food Packers are not joint obligees because, under the contract, the Defendant has separate obligations to each.

2

## II.     Standard of Review

In reviewing a motion to dismiss, all well-pled facts in the complaint and all reasonable inferences drawn from those facts must be taken as true. *Jackson v. Okaloosa County, Fla.*, 21 F.3d 1531, 1534 (11th Cir. 1994). Because attachments to the complaint are "a part of the pleading for all purposes," a court may consider the content of the attachments in passing on a motion to dismiss. Fed. R. Civ. P. 10(c). Dismissal is warranted under Rule 12(b)(6) if, assuming the truth of the factual allegations in the plaintiff's complaint, there is a dispositive legal issue that precludes relief. *See, e.g.*, *Marshall County Bd. of Educ. v. Marshall County Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993).

The Defendant's motion is based on Rule 19(a) of the Federal Rules of Civil Procedure, which requires the joinder of a person as a party if (A) "in that person's absence, the court cannot accord complete relief among existing parties" or (B) "that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." A court's decision regarding joinder is controlled by the "pragmatic concerns, especially the effect on the parties and the litigation." *Challenge Homes, Inc. v. Greater Naples Care Ctr., Inc.*, 669 F.2d 667, 669 (11th Cir. 1982).

## III.    Analysis

International Food Packers is not a necessary or indispensable party to this action. As noted above, the representations and warranties at issue were made by the Defendant to the Plaintiff; the Defendant did not make similar representations and warranties to International Food Packers. This lawsuit is about whether the Plaintiff overpaid for the membership in International Food Packers, given the outstanding (and previously undisclosed) obligations of that company. The Plaintiff's decision to pay $2 million for a 40% interest in International Food Packers was predicated on the accuracy of the representations and warranties. The Plaintiff claims that it was damaged in that it did not receive the benefit of its bargain because the Defendant made material misrepresentations that rendered the 40% interest in International Food Packers worth less than $2 million. International Food Packers has no legal interest in whether the Plaintiff paid more than it should have for the membership interest that it purchased from the Defendant.

The Defendant is not jointly obligated to the Plaintiff and International Food Packers. The Defendant owed separate duties to the Plaintiff and International Food Packers. The Defendant's duties to the Plaintiff were to convey clear title to his 40% interest in International Food Packers, ensure that his representations and warranties to the Plaintiff were accurate, and comply with the restrictive covenants set forth in § 10 of the agreement. The Defendant's duty to International Food Packers, on the other hand, was to convey clear title to the 20% interest that he was selling back to International Food Packers.

3

The indemnification clause does not create or evidence a joint obligation. The purpose of that clause is to offer the Plaintiff and International Food Packers an avenue for redress if the Defendant breaches a promise to one or both of them. Because the Defendant did not make the representations and warranties at issue to International Food Packers, that entity cannot rely on the indemnification clause to recover for the harms alleged in the complaint.

The Defendant also argued that to the extent the Plaintiff's claim is based on the Defendant's solicitation of clients and key employees, that claim must be brought by International Food Packers. Although the Plaintiff alleged those misdeeds in its complaint, the complaint is clear that Count I is based on the breach of the Defendant's representations and warranties to the Plaintiff, none of which concern the solicitation of clients and key employees. Indeed, in its opposition brief, the Plaintiff admits that it "does not make claims for relief based on [the Defendant's] violation of the [a]greement's [n]on-[s]olicitation provision or [the Defendant's] inducing key [International Food Packers] employees to leave the company before [the Plaintiff] assumed control."

The Plaintiff seeks monetary damages from the Defendant in an amount that would correct the purchase price of the 40% interest in International Food Packers so that the amount that the Plaintiff ultimately pays accounts for International Food Packers' previously undisclosed obligations. If the Plaintiff succeeds on the merits, the Court would be able to grant this relief without the addition of International Food Packers to this litigation. The Plaintiff has advised the Court that International Food Packers is aware of the litigation and does not claim an interest in it. Accordingly, the inquiry under Rule 19(a)(1)(B) is unnecessary. Even if the Court did not accept the Plaintiff's representation, the Court would conclude that joinder is not necessary because a failure to join International Food Packers would neither impede the Plaintiff's ability to protect its interest nor subject the Defendant to the possibility of double, multiple, or inconsistent obligations because this lawsuit concerns the alleged breach of representations and warranties that the Defendant made to the Plaintiff.

### IV.     Conclusion

For all of the reasons set forth above, the motion to dismiss is denied. The Defendant shall answer the complaint by **Friday, March 12, 2010**.

DONE and ORDERED in Chambers, Miami, Florida, March 2, 2010.

_____
Paul C. Huck
United States District Judge

**Copies furnished to:**
Counsel of record.